IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN BARNES, | : |
| Movant/Defendant, | : |
| v. | : Crim. Act. No. 14-47-RGA |
| | : Civ. Act. No. 17-352-RGA |
| UNITED STATES OF AMERICA, | : |
| Respondent/Plaintiff. | : |

**<u>MEMORANDUM OPINION</u>**

Kevin Barnes. *Pro se* Movant.

Shawn Weede, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

April **23**, 2018
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Movant Kevin Barnes' *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 65) The Government filed an Answer in Opposition. (D.I. 84) For the reasons that follow, the Court will deny Movant's § 2255 Motion.

I. **BACKGROUND**

On May 28, 2015, Movant pled guilty to: (1) possession of a controlled substance with intent to distribute, in violation of 18 U.S. §§ 841(a)(1) and (b)(1)(B); (2) use of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (3) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). (D.I. 25) The Court sentenced him to a total of eighty months of incarceration and four years of supervised release. (D.I. 39)

Movant appealed, asserting that he was improperly denied a sentencing departure and that defense counsel should have raised a self-defense/justification defense. *See United States v. Barnes*, 677 F. App'x 786, 787-88 (3d Cir. 2017). The Third Circuit affirmed Movant's conviction and sentence after concluding that: (1) the appellate waiver in Movant's plea agreement was enforceable and precluded him from challenging his sentence on appeal; and (2) Movant's ineffective assistance of counsel claim was not cognizable on direct appeal and had to be asserted in a collateral proceeding. *Id.* at 788-89.

On March 30, 2017, Movant filed a § 2255 Motion. (D.I. 65) The Government filed an Answer in Opposition (D.I. 84), to which Movant filed a Response. (D.I. 86)

## II. DISCUSSION

Movant's timely filed § 2255 Motion asserts the following two grounds for relief: (1) defense counsel provided ineffective assistance during the plea process by failing to determine that there were sufficient facts to support a justification defense and/or an affirmative self-defense argument; and (2) defense counsel provided ineffective assistance during the sentencing phase by waiting until the morning of the sentencing hearing to provide Movant with a copy of the presentence report ("PSR"), by failing to notify the Court about Movant's mental health issues that were caused by the home invasion on the night of his arrest, and by failing to submit any mitigating argument pursuant to U.S.S.G. § 5K2.12 – Coercion and Duress (Policy Statement).

Movant has properly raised his ineffective assistance of counsel allegations in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500 (2003). As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. Under the second ("prejudice") prong of the *Strickland* standard, Movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694. In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994). A court can choose to

address the prejudice prong before the performance prong, and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced. *See Strickland,* 466 U.S. at 696. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* at 689.

### A. Claim One: Ineffective Assistance During Plea Process

In Claim One, Movant contends that defense counsel provided ineffective assistance during the plea process by failing to adequately investigate the case and determine that Movant could have presented a justification/self-defense argument showing that Movant only possessed the guns because he had received serious threats to his life from his girlfriend's ex-boyfriend. Movant states he would have proceeded to trial had he known he could have raised such a defense. (D.I. 65 at 5) For the following reasons, the Court concludes that Claim One does not warrant relief.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977). Here, the transcript of the plea colloquy contains Movant's clear and explicit statements that he had discussed his case with defense counsel, he was fully satisfied with counsel's advice, he had a full opportunity to review the Plea Agreement with counsel, there were no promises other than those contained in the Plea Agreement, and he was not forced to enter the Plea Agreement. (D.I. 53 at 5:20-7:13, 12:25-15:1) The Court also had the prosecutor summarize the Plea Agreement for Movant to ensure that he understood its terms, and asked various follow-up questions to confirm that Movant understood its effect on the balance of the criminal proceedings. (D.I. 53 at 8:2-13:8; 15:3-17:6) Movant indicated that he understood the factual basis for his guilty plea, that he understood he had a right to proceed to

3

trial, that he was pleading guilty of his own free will because he was guilty, and that he understood the sentencing process and the applicability of the sentencing guidelines. (D.I. 53 at 17:7-32:19) Because Movant does not provide any reason to believe that the statements he made during the plea colloquy should not be presumptively accepted as true, the Court concludes that any alleged pre-plea deficiencies in defense counsel's performance were cured by the Plea Agreement and plea colloquy.

In addition, as defense counsel states in his affidavit, Movant and counsel had several discussions concerning Movant's wish to raise a justification defense, and defense counsel repeatedly advised Movant that a justification defense was unlikely to succeed. (D.I. 35, Exh. D at 1-2) A review of the record demonstrates the soundness of defense counsel's advice. To begin, since Movant was charged as a felon-in-possession under § 922(g) (Count 3), the justification defense would only be available if Movant could satisfy a four-part test. *See United States v. Alston*, 526 F.3d 91, 94-95 & n. 5 (3d Cir. 2008) (the justification defense is "rarely granted" and "should be construed narrowly"). As explained by the Third Circuit, a defendant satisfies the test if the evidence demonstrates a jury reasonably could conclude the following: (1) the defendant was under an unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative to both the criminal act and the avoidance of the threatened harm;[1] and (4) there was a direct causal relationship between the criminal act and the avoidance of the threatened harm. *See United States v. Paolello*, 951 F.2d 537, 540 (3d Cir. 1991); *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 365 (3d Cir. 2010).

---

[1] A defendant fulfills the "no reasonable legal alternative" component of the third requirement by showing that he possessed the firearm no longer than what was absolutely necessary to avoid the imminent threat and that he dispossessed himself of the gun in an objectively reasonable manner once the threat abated. *See Lewis*, 620 F.3d at 369, n.8.

4

Movant has not presented facts demonstrating that he could have satisfied these requirements. First, he was not under a present threat when he obtained the guns, because the alleged threat from his girlfriend's ex-boyfriend and his purchase of the guns occurred several weeks before the home invasion and Movant's arrest.[2] Second, by selling drugs and keeping over 7,000 bags of heroin, a quantity of marijuana, and nearly $6,000 in drug profits in his home (D.I. 53 at 30:23-31:9), Movant recklessly placed himself in the situation in which he was the target of a home invasion. Third, Movant did not exhaust his legal alternative of calling the police before arming himself and taking matters into his own hands. Finally, given the amount of time that passed between the date of the threat and Movant's possession of the gun, there was "no direct causal relationship between the criminal action (possession of a firearm) and avoidance of the threatened harm (retaliation by [Movant])." *See Alston*, 526 F.3d at 96. In short, defense counsel reasonably advised Movant that a justification defense was not available for the § 922(g) charge because Movant did not face an immediate harm at the time he first possessed the guns.

Defense counsel's advice that a justification defense was not available for the § 924(c) charge for using firearms in furtherance of a drug trafficking crime (Count 2) also fell within the bounds of objectively reasonable representation. Although the Third Circuit has not opined on whether a justification defense is available for a § 924(c) charge, the circuit courts addressing the issue (Second, Fourth, Sixth, Ninth, and Tenth Circuits) have held that self-defense is irrelevant to a § 924(c) charge if the required offense elements are met. *See United States v. Lyttle*, 2017 WL 492201, at *2 (D.S.C. Feb. 7, 2017) (collecting cases). For example, as explained by the

---

[2]Movant asserts that his girlfriend's ex-boyfriend threatened him in mid-April 2014, and he purchased three guns off the street between April 18, 2014 and April 23, 2014 for protection from that threat. (D.I. 65 at 17) Both the home invasion and Movant's arrest occurred on May 1, 2014.

5

Sixth Circuit, if the defendant "carried" or "used" the firearm during the drug transaction, the reason for the defendant being armed (*i.e.*, self-protection) does not constitute a defense under § 924(c). *See Morris v. United States*, 14 F. App'x 345, 347 (6th Cir. 2001); *United States v. Poindexter*, 942 F.2d 354, 360-61 (6th Cir. 1992). The Fourth Circuit has noted that "a gun could provide a defense against someone trying to steal drugs or drug profits . . . [a]nd a gun could serve as protection in the event that a deal turns sour." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). And finally, as explained by the Second Circuit, even if the defendant kept the firearm for protection, he could still be convicted under § 924(c)(1)(A) if he possessed it in furtherance of drug-trafficking. *See United States v. Lucas*, 462 F. App'x 48, 51 (2d Cir. 2012). The Court finds the reasoning in the aforementioned decisions persuasive, and concludes that Movant's self-defense argument/justification defense was irrelevant to his § 924(c) charge. Thus, defense counsel did not perform ineffectively by failing to put forth a meritless self-defense/justification argument for his § 924(c) charge.

In sum, Movant admitted he was a drug dealer and that he possessed three guns, two of which were found right next to more than one hundred grams of heroin in Movant's house. (D.I. 49 at 20:12-20:16) Movant admitted to firing one of the guns in response to shots being fired into his home. (D.I. 53 at 30:4-30:7) Once Movant discharged his gun to defend himself and his drugs, Movant was, in fact, guilty of the offenses to which he pled guilty. Given these circumstances, Movant cannot demonstrate a reasonable probability that he would have gone to trial on a justification defense. Thus, the Court will deny Claim One as meritless.

### B. Claim Two: Ineffective Assistance During Sentencing

In Claim Two, Movant contends that defense counsel provided ineffective assistance during sentencing by: (1) waiting until the morning of the sentencing hearing to give Movant a

6

copy of the PSR; (2) failing to notify the Court of Movant's trauma on the night of his arrest and his resulting mental health issues; and (3) failing to submit a mitigating argument pursuant to U.S.S.G. 5K2.12 – Coercion and Duress (Policy Statement).

### 1. PSR

Movant's contention that defense counsel failed to provide him with a copy of the PSR until the morning of the sentencing hearing does not amount to constitutionally ineffective assistance. Movant did have access to and/or receive a copy of the PSR before the morning of the October 14, 2015 sentencing hearing, because the Probation Office mailed a copy of the PSR to Movant on August 12, 2015. (D.I. 13-1 at 1) Additionally, during the sentencing hearing, Movant acknowledged that he read the PSR and discussed it with defense counsel. (D.I. 49 at 3:20-3:23) Movant also informed the Court that he told defense counsel everything he wanted to about the PSR. (D.I. 49 at 3:24-3:25, 4:1) Since Movant does not identify any objections he would have made or inaccurate information he would have corrected had defense counsel provided the PSR to him at an earlier time, he cannot satisfy the prejudice prong of *Strickland*.

### 2. Mental Health Issues

Movant's contention that defense counsel provided ineffective assistance by failing to notify the Court about his mental health issues is similarly unavailing. Movant himself informed the Court during sentencing about his PTSD diagnosis following the home invasion. (D.I. 49 at 17:14-15) In turn, the PSR that the Court reviewed prior to sentencing contained details about Movant's mental and emotional health. (D.I. 35 at ¶¶ 95-102) Thus, since the Court knew about Movant's mental health issues when determining Movant's sentence, Movant cannot establish a reasonable probability that the result of his sentencing would have been different but for defense counsel's failure to present that information during the hearing.

### 3. Mitigation Evidence

Finally, Movant's assertion that defense counsel was ineffective for failing to present any mitigating argument pursuant to "U.S.S.G. 5K2.12 – Coercion and Duress (Policy Statement)" fails to warrant relief. To begin, defense counsel actually did present justification evidence during the sentencing proceeding. For instance, in Movant's Sentencing Memorandum, defense counsel wrote that, "without access to those firearms [Movant] and his girlfriend would likely have been homicide victims. (D.I. 37 at 1) Defense counsel reiterated this argument during Movant's sentencing, stating, "So there were a lot of these [home invasion robberies] going on. And, you know, had [Movant] not had access to a weapon, he may very well be, or his girlfriend, may have been the victims of a homicide." (D.I. 49 at 11:12-12:12)

In addition, Movant addressed the Court during sentencing and presented his self-defense argument. He explained that he became afraid of girlfriend's ex-boyfriend several weeks before his arrest and purchased three guns for his protection. (D.I. 49 at 15:5-16:6) When talking about the night of the home invasion and his arrest, Movant told the Court,

> I then returned fire, and in self-defense, with the hope of scaring off the perpetrators in order to save our lives. [] If I did not have the firearms, Your Honor, I honestly believe that I and my girlfriend would not be alive today.

(D.I. 49 at 17:8-10, 17:12-13) Thus, since the Court actually was informed during sentencing about Movant's mental health issues caused by the trauma of the home invasion, Movant cannot establish a reasonable probability that the result of his sentencing hearing would have been different but for defense counsel's performance.

In sum, the Court concludes that Movant's three examples of defense counsel's alleged failures during his sentencing hearing do not satisfy the two-part *Strickland* test. Therefore, the Court will deny Claim Two as meritless.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes an evidentiary hearing is not warranted.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 Motion after determining that both Claims are meritless. The Court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.

9